IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIM DENTAL CARE, P.C.,

 Plaintiff,

v.

MELISSA DAZA, D.D.S.,

 Defendant.

Case No.

## COMPLAINT

Plaintiff Sim Dental Care, P.C. ("Sim") by counsel David A. Buls of Krieg DeVault, for its complaint against Defendant Melissa Daza, D.D.S. ("Daza") states the following:

### Parties

1. Sim is an Indiana professional corporation with its principal place of business located at 6075 Cleveland Circle, Merrillville, Indiana.

2. At all relevant times, Daza was a resident of the State of Illinois.

### Jurisdiction & Venue

3. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a), because Sim is a citizen of the State of Indiana, Daza is a citizen of the State of Illinois and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Venue is proper in the Northern District of Illinois, Eastern Division, because the events in question took place in Chicago, Illinois.

### Factual Allegations

5. On or about March 7, 2024, Sim and Daza entered a written contract entitled *Employment Agreement* ("Employment Agreement") whereby Sim agreed to employ Daza as a

1

dentist, in exchange for compensation. A copy of the Employment Agreement is attached hereto as Exhibit I.

6. Prior to entering into the Employment Agreement, Daza sold her dental practice to Smiles on North, P.C., a professional corporation with common ownership to that of Sim. As part of the sale, Daza was to maintain ownership of all patient receivables earned through the date of closing ("Daza Receivables"). Patient receivables earned after the date of closing were to be owned by Sim ("Sim Receivables").

7. As part of the Employment Agreement, Daza signed a power of attorney which allowed Sim to take control of all patient receivables paid after the date of closing and thereby determine which were Daza Receivables and which were Sim Receivables. Although not expressly addressed in writing, all patient receivables collected after closing were to be paid into a single bank account, owned by Daza.

8. After the date of closing and during Daza's employment with Sim, some patient receivables were paid into Daza's bank account, while other patient receivables were diverted away from Daza's bank account. A substantial number of patient receivables paid into Daza's bank account and/or diverted away from Daza's bank account were Sim Receivables.

9. Daza failed and refused to provide an accurate accounting of the patient receivables held in her bank account and began directing funds out of her account. Her refusal to provide an accounting, removal of funds from Daza's bank account, and diversion of funds away from Daza's bank account, violate the duties and agreements which arose within her employment by Sim.

## Count I – Breach of Employment Agreement

10. Daza failed and refused to provide an accurate accounting of patient receivables to Sim and thereby breached the Employment Agreement.

11. Daza failed to turn over and otherwise removed from her account Sim Receivables and thereby breached the Employment Agreement.

12. Daza diverted Sim Receivables away from her account and thereby breached the Employment Agreement.

13. As a foreseeable consequence of Daza's breach of the Employment Agreement, Sim sustained damages of a substantial nature.

## Count II – Breach of Fiduciary Duty

14. Daza failed and refused to provide an accurate accounting of patient receivables to Sim and thereby breached her fiduciary duties owed to Sim.

15. Daza failed to turn over and otherwise removed from her account Sim Receivables and thereby breached her fiduciary duties owed to Sim.

16. Daza diverted Sim Receivables away from her account and thereby breached her fiduciary duties owed to Sim.

17. As a proximate cause to Daza's breach of fiduciary duties, Sim sustained damages of a substantial nature.

## Count III – Demand for Accounting and Declaratory Judgment

18. By failing and refusing to provide Sim with an accurate accounting of patient receivables which were placed into and diverted away from her bank account after closing, Daza made it impossible to determine which are Daza Receivables and which are Sim Receivables.

19. By failing and refusing to provide Sim with an accurate accounting of patient receivables which were placed into and diverted away from her bank account after closing, Daza made it impossible to determine if the money removed from the account belonged to Sim.

20. Sim requests an accounting and declaratory judgment regarding the Sim Receivables, the Daza Receivables and all money removed from Daza's bank account.

## Claim for Relief

WHEREFORE, Sim requests a monetary judgment against Daza in an amount commensurate with its damages, an accounting of the money removed from, placed into, and diverted away from Daza's bank account, a declaration from the Court as to which money constitutes Sim Receivables versus Daza Receivables, for attorney fees, prejudgment interest and all other just and proper relief in the premises.

Respectfully submitted,

KRIEG DeVAULT LLP

/s/ David A. Buls
David A. Buls (#90785190)
Julie A. Rosenwinkel (#6230342)
Krieg DeVault LLP
11005 Broadway, Suite D
Crown Point, IN 46307
Ph: (219) 227-6090
Fax (219) 227-6101
dbuls@kdlegal.com
jrosenwinkel@kdlegal.com

*Attorneys for Plaintiff, Sim Dental Care, P.C.*